UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

JS - 6

**CIVIL MINUTES - GENERAL**

Dist. Ct. Case No. CV 11-9327 DOC
Bankr. Case No. 1:11-bk-11603-VK (Ch. 7)
Adv. No. 1:11:ap-01389-VK                                                          Date: April 4, 2012

Title: In Re KEVAN HARRY GILMAN, Debtor;
TAMMY PHILLIPS & TAMMY R. PHILLIPS, a PROF. LAW CORP., Appellants v. KEVAN HARRY GILMAN, Appellee

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Julie Barrera                                 Not Present
Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                          NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING DEFENDANT/APPELLEE'S MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION AND DENYING ALL PARTIES' MOTIONS FOR SANCTIONS

      Before the Court is a frivolous appeal to a frivolous motion that sought to strike a frivolous affirmative defense, as well as frivolous motions for sanctions. Specifically, before the Court is Defendant/Appellee Kevan Harry Gilman's Motion to Dismiss Appeal for Lack of Jurisdiction and Motion for Monetary Sanctions. ("Mot.") (D. Ct. Dkt. 12).[1] Also before the Court are two motions for sanctions by Appellants. *See* Appellants' Notice of Motion for Sanctions on Appeal (D. Ct. Dkt. 24); Appellants' Motion to Strike and For Sanctions (D. Ct. Dkt. 28). The Court finds these matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The Court has considered the moving, opposing, and replying papers, and hereby GRANTS the Motion to Dismiss for

---

[1] References in this order to the underlying District Court docket, Case No. SACV 11-9327 DOC, will be marked "D. Ct. Dkt.;" references to the Bankruptcy docket, Case No. 1:11-bk-11603-VK (Ch. 7), will be marked "Bankr. Dkt.;" and references to the adversary proceeding docket, Case No. 1:11:ap-01389-VK, will be marked "A.P. Dkt."

MINUTES FORM 11 DOC                                        Initials of Deputy Clerk: jcb
CIVIL - GEN                                                           Page 1 of 7

Lack of Jurisdiction and DENIES all other motions.

## I. BACKGROUND

Defendant/Appellee Kevan Harry Gilman ("Appellee") filed for bankruptcy in February 2011. Chapter 7 Voluntary Petition (Bankr. Dkt. 1). In May 2011, Plaintiffs/Appellants Tammy Phillips & Tammy R. Phillips, a Professional Law Corporation ("Appellants") filed a complaint in an adversary proceeding seeking to prevent Appellee from discharging a debt allegedly owed to Appellants as a result of a state court judgment. Compl. (A.P. Dkt. 1) at 2. Appellee filed an answer to the complaint, asserting as one of his three affirmative defense a defense labeled "Malicious Prosecution – Offset." Answer to Complaint (A.P. Dkt. 8.) at 3. It read, in it its entirety: "Answering Defendant alleges that if any monies are owed to Plaintiff(s) that such sum is offset by monies owed to Defendant because of the other specious allegations contained in Plaintiff's Complaint." *Id.*

Appellants sought to strike that "affirmative defense" by filing a motion titled: "Special Motion to Strike Under California's anti-SLAPP Statute."[2] *See* Plaintiff's Special Motion to Strike Under California's anti-SLAPP Statute (A.P. Dkt. 10).

On August 24, 2011, the Bankruptcy Court heard oral argument on the "anti-SLAPP motion." RT 08/24/11 (A.P. Dkt. 62) at 1. Judge Victoria S. Kaufman denied the "anti-SLAPP motion" on the grounds that the statute did not apply where the motion was brought by the plaintiff to strike an affirmative defense raised by the defendant in a federal bankruptcy adversary proceeding. *Id.* at 7-11, 20. The order denying the motion was prepared by Appellee and filed on October 20, 2011. Order Denying Plaintiff's Special Motion to Strike Under anti-SLAPP Statute (A.P. Dkt. 38). Without asking leave of either court, Appellants directly appealed Judge Kaufman's denial of their "anti-SLAPP motion" to this Court on November 3, 2011, as if it were a final order under 28 U.S.C. § 158(a)(1). Appellee now seeks to dismiss the appeal on the grounds that this Court lacks jurisdiction to hear the matter because the order denying Appellants' anti-SLAPP motion was not a final order. Mot. at 4.

## II. LEGAL STANDARD

District courts have jurisdiction over appeals from bankruptcy court orders and judgments under 28 U.S.C. § 158. The statute gives parties wishing to appeal a "final" order an appeal as a matter of right. 18 U.S.C. § 158(a)(1). For all other orders, an appeal may only be taken with the leave of the district court. *See* 18 U.S.C. §§ 158(a)(2)-(3); *In re City of Desert Hot Springs*, 339 F.3d 782, 787-88 (9th Cir. 2003) (holding that district courts have discretion to hear appeals from interlocutory orders, and that the Ninth Circuit has "no jurisdiction to consider whether such exercises of discretion are

---

[2] Appellants also sought to strike another of Appellee's affirmative defenses, "Equitable Etopple [sic]," via a Rule 12(f) motion to strike. Plaintiff's Motion to Strike under Rule 7012 (A.P. Dkt. 12) at 5.

proper").

An order from bankruptcy court is considered final – that is, appealable as a matter of right – for the purposes of 28 U.S.C. 158(a)(1) when it: (1) resolves and seriously affects substantive rights; and (2) finally determines the discrete issue to which it is addressed. *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1363 (9th Cir. 1992).

### III.    DISCUSSION

The ultimate decision of whether the order denying Appellants "anti-SLAPP motion" was a "final" order turns in part on the applicability of the anti-SLAPP statute in the first place. As such, before discussing whether the order denying Appellants' anti-SLAPP motion was a "final" order over which we have appellate jurisdiction, the Court looks to California's anti-SLAPP statute, its purposes, and the concerns raised when a court does not take jurisdiction over denials of anti-SLAPP motions.

#### A.    CALIFORNIA'S ANTI-SLAPP STATUTE DOES NOT APPLY IN THE CONTEXT OF APPELLANTS' ORIGINAL MOTION

California's anti-SLAPP statute was enacted in order to give defendants immunity from a meritless "cause of action" seeking to chill the exercise of First Amendment rights. *See* Cal. Code Civ. P. § 425.16(a)-(b)(1); *Batzel v. Smith*, 333 F.3d 1018, 1025 (9th Cir. 2003) (discussing the California Legislature's purposes in enacting the statute, which works as a grant of "substantive immunity from suit"). The statute allows a movant to strike a meritless "cause of action" that seeks to chill the movant's valid exercise of First Amendment rights. Cal. Code Civ. P. § 425.16(b)(1). The statute applies to a "cause of action" contained in a "complaint" or a "cross-complaint." Cal. Code Civ. P. § 425.16(h). The statute contains an immediate right of appeal should an anti-SLAPP motion be granted or denied. Cal. Code. Civ. P. § 425.16(I). A prevailing "defendant" is entitled to attorney's fees; if the motion was frivolous, the prevailing "plaintiff" recovers attorney's fees. Cal. Code Civ. P. § 425.16(c)(1).

An anti-SLAPP motion is not appropriate under the circumstances in which Appellants brought their motion. By its plain terms, anti-SLAPP does not allow a plaintiff to strike an affirmative defense. *See* Cal. Code Civ. P. § 425.16 (applying, on its plain terms, to a "cause of action" brought in a "complaint" or "cross-complaint"); *see also* Cal. Code Civ. P. § 425.16(a) (declaring that the purpose of the anti-SLAPP statute is to limit "lawsuits" that are an "abuse of the judicial process"). As counsel for Appellee and Judge Kaufman both noted, there is simply no support in any case law suggesting that anti-SLAPP allows plaintiffs to strike affirmative defenses. *See* RT 08/24/11 at 8, 13-14.

Appellants themselves acknowledged that trying to strike an affirmative defense using the anti-SLAPP statute "involved novelty." Pls.' Reply to Def.'s Opp'n to Pls.' Mot. to Strike Under California's anti-SLAPP Statute (A.P. Dkt. 22) at 9. This Court can only surmise that the reason there

is no case law governing the issue is because no plaintiff has had the audacity to try and use the anti-SLAPP statute to strike an affirmative defense.[3]  Such a use of the statute contravenes its text and purpose, which is to allow a defendant immunity from a meritless "cause of action."  The statute, by its terms, does not apply where the plaintiff seeks to strike an *affirmative defense*.

Contrary to Appellants' argument, Appellee's failure to state a cognizable affirmative defense of malicious prosecution does not entitle Appellants to move under the anti-SLAPP statute. Appellants are correct that malicious prosecution is not valid theory of affirmative defense where the theory alleges that the current matter is being maliciously prosecuted.  Opp'n at 2.  The action alleged to have been maliciously prosecuted must be a *prior* action.  *See Crowley v. Katleman*, 8 Cal. 4th 666, 676 (1994).  But Appellee's failure to accurately state an affirmative defense did not entitle Appellants to move under the anti-SLAPP statute.

Furthermore, Appellants' mere labeling of their motion as "anti-SLAPP" does not mean the motion is correctly brought under that statute.  To paraphrase the Third Circuit, you can call a frog a dog, but calling the frog a dog won't make the frog bark.  *Cf. In re Seven Fields Development Corp.*, 505 F.3d 237, 247 n.9 (3d Cir. 2007) (noting where a party moved to "strike" a notice of removal that reviewing courts must look to the substance of a lower court's order as opposed to the parties' captioning of the relevant motion because to do otherwise allows the parties to play procedural games).

> **B.    THE CONCERNS JUSTIFYING IMMEDIATE FEDERAL JURISDICTION OVER DENIALS OF ANTI-SLAPP MOTIONS ARE NOT PRESENT HERE BECAUSE THE ANTI-SLAPP STATUTE DID NOT APPLY IN THE FIRST PLACE**

Appellants rely on *Batzel v. Smith* to argue that the bankruptcy court's order denying their anti-SLAPP motion was a "final" order from which they may take appeal as a matter of right.  *See* 333 F.3d 1018, 1025-26 (9th Cir. 2003).  In *Batzel*, the Ninth Circuit considered whether a district court's denial of a defendant's anti-SLAPP motion was a "final" order allowing for immediate appeal under the collateral order doctrine of 28 U.S.C. § 1291.  *Id.*  The collateral order doctrine entitles a party to appeal a decision if the issue is "effectively unreviewable," that is, the right the appellant seeks to preserve would be essentially destroyed if its vindication was postponed until after trial.  *Id.*  The Ninth Circuit found that it had jurisdiction over the appeal because the anti-SLAPP statute provides immunity from suit, and such immunity, if lost, is an interest effectively unreviewable on appeal.  *Id.*

---

[3] While Appellants' decision to move to strike under anti-SLAPP instead of Rule 12(f) is baffling from a legal perspective, there is a strong inference given the volume of sanction requests filed by both parties that Appellants moved to strike under anti-SLAPP simply because they wished to trigger the automatic sanction provisions of that statute. *See* Cal. Code Civ. P. § 425.16(c)(1).

The facts of this case do not implicate the facts of *Batzel* nor the policy behind the collateral order doctrine. First, this case involves an appeal from a bankruptcy court order, not from a district court order. Thus the current appeal is governed by 28 U.S.C. § 158, not the collateral order doctrine of 28 U.S.C. § 1291. Second, and more importantly, this case does not involve a situation where an anti-SLAPP motion was brought in the proper context. As discussed above, the anti-SLAPP statute does not permit a plaintiff to strike an affirmative defense; such motions are properly brought under Federal Rule of Civil Procedure 12(f).[4] Thus, because anti-SLAPP does not apply, it is not surprising that the concerns noted by the *Batzel* court are not present here. The present case does not involve an issue that is effectively unreviewable on appeal because immunity from suit is not at stake. Here, the suit will continue whether the anti-SLAPP motion is granted or not because it is *plaintiff* who brought the anti-SLAPP motion and *plaintiff* who brought suit. Appellee's affirmative defense will simply be subject to proof at trial, or, more likely, will simply be stricken using the appropriate motion.

Appellants argue that all denials of anti-SLAPP motions are immediately reviewable. *See S.E.C. v. Capital Consultants, LLC*, 453 F.3d 1166, 1171 (9th Cir. 2006) (holding that if the denial of one type of motion is immediately appealable, all denials of that type of motion are immediately appealable). However, such an argument assumes that the party below made the correct motion in the first place. Appellants have been unable to cite any authority suggesting that California's anti-SLAPP statute allows plaintiffs to strike defendants' affirmative defenses. Appellants simply used the anti-SLAPP statute as a Rule 12(f) motion, perhaps because a successful anti-SLAPP motion merits sanctions against one's opponent. Taking jurisdiction of such an issue would be improper because the concerns justifying jurisdiction over a *properly* brought anti-SLAPP motion are absent. Taking jurisdiction, then, serves no purpose aside from encouraging petty procedural gamesmanship in pursuit of sanctions.

### C. THE DENIAL OF APPELLANTS' "ANTI-SLAPP MOTION" WAS NOT A FINAL ORDER

Though ostensibly brought as an anti-SLAPP motion, Appellants' motion was more akin to a traditional Rule 12(f) motion seeking to strike an affirmative defense as insufficiently pled. Indeed, in denying Plaintiff's "anti-SLAPP motion" Judge Kaufman reminded Appellants that they could have easily moved to strike the "Malicious Prosecution – Offset" affirmative defense under the Bankruptcy Court's standard rules of procedure. *See* RT 08/24/11 at 26. But because Appellants brought the motion under anti-SLAPP, the motion was denied.

An order denying a Rule 12(f) motion to strike an affirmative defense is not a final order

---

[4] Federal Rule of Bankruptcy Procedure 7012(b) states that Federal Rules of Civil Procedure 12(b)-(I) apply in adversary proceedings, making a Rule 12(f) motion the appropriate motion to strike an affirmative defense in a bankruptcy adversary proceeding. *See* F.R.B.P. 7012(b); F.R.C.P. 12(f).

from which appeal may be taken as a matter of right. *See In re AFI Holding, Inc.*, 530 F.3d 832, 836-37 (9th Cir. 2008) (discussing what makes an order final and thus appealable in the bankruptcy context). It does not resolve or seriously affect Appellants' substantive rights because Appellee's affirmative defense is still subject to proof; allowing the affirmative defense to remain at the pleading stage thus does nothing to affect Appellants' rights or liabilities because nothing has yet been proven. Thus, the order denying Appellants' "anti-SLAPP motion" was not "final" for the purposes of 28 U.S.C. § 158(a)(1), and Appellants may not take an appeal from that order as a matter of right.

### D. THIS COURT DECLINES TO TAKE JURISDICTION OVER AN INTERLOCUTORY ORDER DENYING A MOTION TO STRIKE AN AFFIRMATIVE DEFENSE

Having determined that the order was not a final one giving Appellants an appeal as a matter of right, this Court chooses not to grant leave to appeal. *See* 28 U.S.C. §§ 158(a)(2)-(3) (requiring leave of the district court to appeal interlocutory orders from the bankruptcy court). The denial of a motion to strike an affirmative defense does not implicate concerns meriting jurisdiction of an interlocutory order. Appellants' appeal of Judge Kaufman's order denying their "anti-SLAPP" motion is accordingly DISMISSED for lack of subject matter jurisdiction.

## IV. SANCTIONS

Before the court are also three motions for sanctions. The first is a "motion" by Appellee contained in his "Motion to Dismiss Appeal for Lack of Jurisdiction and Motion for Monetary Sanctions." *See id.* (D. Ct. Dkt. 12). This "motion" for sanctions is improperly brought because Appellee did not move for sanctions in a "separately filed motion or notice," as required by the very statute under which he moved. *See* F.R.B.P. 8020. The other two motions for sanctions are brought by Appellants. The first is a motion to sanction Appellee for requesting sanctions and "misleading" this Court in the brief supporting dismissal for lack of jurisdiction. Appellants' Notice of Motion for Sanctions on Appeal, D. Ct. Dkt. 24. The second is a motion to strike Appellee's excerpts of the record on appeal and to sanction Appellee for including those excerpts. Appellants' Motion to Strike and For Sanctions, D. Ct. Dkt. 28.

The Court, in its discretion, DENIES all these motions. This is a frivolous appeal to a frivolous motion that sought to strike a frivolous affirmative defense. Awarding sanctions to either party will only serve to exacerbate the underlying dispute, reward bad behavior, and encourage frivolous arguments. Appellee should have done the minimal research required to know that "Malicious Prosecution – Offset" is not an affirmative defense. Appellants should have simply moved to strike this improper pleading using a standard Rule 12(f) motion, as opposed to trying to get sanctions based on anti-SLAPP. Appellants should not have wasted everyone's time filing an appeal based on a "novel" legal argument about anti-SLAPP that had no basis in the statute's text or policy.

In sum, this order puts all parties on notice concerning the Court's dim view of frivolous appeals. Parties should consider this order and the substance of their legal arguments before filing other appeals in this case.

The Clerk shall serve this minute order on all parties to the action.